FILED

2013 Nov-05  PM 01:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| RODNEY GANN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **CIVIL ACTION NO.:** |
| | ) | |
| NORTH-CENTRAL ALABAMA | ) | |
| REGIONAL COUNCIL OF | ) | |
| GOVERNMENTS, a public entity, | ) | |
| LONA JOHNS and | ) | |
| KENNETH KILGO, as individuals, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## PLAINTIFF'S FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS AND
## FIRST INTERROGATORIES TO DEFENDANT NARCOG

COMES NOW Plaintiff Rodney Gann (hereinafter, "Plaintiff" or "Gann")

and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, request

that Defendant NARCOG (hereinafter, "Defendant" or "NARCOG") produce and

permit the Plaintiff to inspect and to copy each of the following items or

documents which are in the possession, control or custody of the Defendant, which

the Plaintiff requests to be produced at the offices of Defendant's counsel, within

thirty (30) days as required by the Federal Rules of Civil Procedure and to answer

the Interrogatories within thirty (30) days as required by the Federal Rules of Civil

**EXHIBIT A**

Procedure.

Where, in the answers of Defendant, facts set forth in the answers or portions thereof are supplied upon information and belief, rather than upon Defendant's knowledge, Defendant should so state, and specifically identify and describe the source or sources of such information and belief. Should Defendant be unable to answer any request for production or portion thereof by either actual knowledge or information and belief, Defendant should so state in detail its efforts to obtain such knowledge as would enable it to answer said Request for Production or portions thereof.

## DEFINITIONS

a. The term "you" or "your" or "Defendant" means Defendant North-Central Alabama Regional Council of Governments ("NARCOG") and the attorneys, employees, representatives or agents of the Defendant who have information available to the Defendant within the meaning of Rule 33(a).

b. The term "person" means any natural person, firm, corporation, municipal corporation, public entity, county government, partnership, sole proprietorship, estate, trust, trust estate, joint venture, association or any other form of business entity of any nature or character, together with the partners, trustees, officers, directors, employees, attorneys or agents thereof.

c. The term "individual" means any natural person.

d. The terms "identify" or "identification," "describe," or "description" when used in reference to a document, means to state the type of document, date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof. In lieu of identifying any document, copies thereof may be furnished.

e. The term "document" or "documents" as used herein is to be construed broadly and shall mean any kind of written, or recorded or graphic matter, however produced or reproduced, of any kind of description, whether sent or received or neither, including originals, non-identical copies (whether different from the original because of marginal notes, or other material inserted therein or attached thereto, or otherwise), drafts and both sides thereof, including, but not limited to: agreements, communications, correspondence, telegrams, cables, telefax, electronic mail or telex messages, memoranda, records, books, summaries of records or personal conversations or interviews, desk calendars, appointment books, diaries, journals, forecasts, statistical statements, tabulations, accountants' work papers, graphs, charts, accounts, analytical records, affidavits, minutes, records or summaries of meetings or conferences, reports of summaries of interviews or telephone conversations, reports or summaries of investigations,

3

opinions or reports of consultants, appraisals, records, reports or trade letters, press releases, contracts, notes, projections, drafts of any documents, working papers, checks (front and back), check stubs or receipts, sound recordings, tape recordings, digital recordings, data processing records, microfilm, photographs, maps, charts, accounts, financial statements or reports thereof, promissory notes, loan agreements, loan files and all notes contained with loan files, revolving credit agreements, deeds of trust, guaranty agreements or indemnification agreements, real estate contracts for sale or lease, contract for sale of goods and/or services, pleadings, or any other documents or writings of whatever description, including any information contained in any computer or stored separately in electronic media or removable media (even if not previously printed out) within the custody or control of Defendant or any of Defendant's employees, agents, including attorneys, accountants, investment bankers, or advisors, or any other person acting or purporting to act on your behalf.

 f. The term "communication" means any contact or act by which information or knowledge is transmitted or conveyed between two or more persons and includes, without limitation: written contacts (whether by letter, electronic mail, memoranda, telegram, telefax, telex or any other document or method) and oral contacts (whether face-to-face meeting, telephone conversations

4

or otherwise).

g. The terms "and" and "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of these Requests information or documents which might otherwise be considered to be beyond their scope.

h. The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bring within the scope of Requests any information which might otherwise be considered to be beyond their scope.

i. The term "referring to" or "relating to" any given subject, means any document, communication or statement that constitutes, contains, embodies, evidences, reflects, identifies, shows, states, analyzes, supports, refutes, refers to, deals with, arises from, is connected with, responds to, or is in any manner whatsoever pertinent to that subject.

j. The term "Plaintiff's Complaint" means the Complaint filed by Rodney Gann against Defendant in 2013 in the United States District Court for the Northern District of Alabama and any amendments thereto, if any.

l. The term "this case" or "this litigation" means the above styled case, bearing Civil Action No. CV-13-S-270-NE.

5

## REQUESTS FOR PRODUCTION

Defendant is requested to produce the following documents and things and permit Plaintiff to inspect and to copy each of the following documents:

1. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, memoranda, taped recordings or cassettes that show or relate in any way to Plaintiff Rodney Gann or other file containing documents relating to the employment of Plaintiff including, but not limited to, personnel files, job descriptions, employment agreements, insurance documents, tax documents, medical files or any other documents related to the employment of Rodney Gann.

2. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, memoranda, taped recordings or cassettes that show or relate in any way to an investigation of Plaintiff Rodney Gann concerning any unethical conduct Defendant alleged or believed Plaintiff had committed while employed by Defendant and conducted from January 1, 2011 to the present. This request includes any interview notes, statements made by employees or other persons, any e-mails between employees or former employees of Defendant or members of the Board of NARCOG or former members of the Board of NARCOG, any

6

memoranda or other documents containing information about the investigation or the alleged unethical conduct allegedly committed by Gann.

3. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, e-mails, notes, memoranda, taped recordings or cassettes that show or relate in any way to the communications between Defendant or employees or representatives of Defendant with the Alabama Ethics Commission concerning Plaintiff Rodney Gann from January 1, 2011 to the present.

4. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, e-mails, text messages, memoranda, taped recordings or cassettes that show or relate in any way to the job performance of Plaintiff Rodney Gann from January 1, 2009 to the present.

5. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, e-mails, text messages, memoranda, taped recordings or cassettes showing communication between any employee or officer of Defendant or from any member of the Board of Defendant and Neal Morrison from January 1, 2011 to the present.

6. All records, documents, writings, recordings and physical evidence of

7

any and all kinds, including, but not limited to, correspondence, notes, e-mails, text messages, memoranda, taped recordings or cassettes sent or received by Defendant Kenneth Kilgo concerning any issue related to Defendant NARCOG from January 1, 2011 to the present.

7. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, memoranda, taped recordings or cassettes that show or relate in any way to NARCOG employee Cherii Blankenship, Ms. Blankenship's personnel file or other file containing documents relating to the employment of Ms. Blankenship including, but not limited to, personnel files, job descriptions, employment agreements, insurance documents, tax documents, or any other documents related to the employment of Cherri Blankenship.

8. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, memoranda, taped recordings or cassettes that show or relate in any way to NARCOG employee Lona Johns, Ms. Johns' personnel file or other file containing documents relating to the employment of Ms. Johns including, but not limited to, personnel files, job descriptions, employment agreements, insurance documents, tax documents, or any other documents related to the employment of Lona Johns.

9. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, memoranda, taped recordings or cassettes that show or relate in any way to NARCOG employee Kenneth Kilgo, Mr. Kilgo's personnel file or other file containing documents relating to the employment of Mr. Kilgo including, but not limited to, personnel files, job descriptions, employment agreements, insurance documents, tax documents, or any other documents related to the employment of Kenneth Kilgo.

10. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, memoranda, taped recordings or cassettes that show or relate in any way to NARCOG employee Stephanie Franklin, Ms. Franklin's personnel file or other file containing documents relating to the employment of Ms. Franklin including, but not limited to, personnel files, job descriptions, employment agreements, insurance documents, tax documents, or any other documents related to the employment of Stephanie Franklin.

11. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, memoranda, taped recordings or cassettes that show or relate in any way to

9

NARCOG employee Nora Millican, Ms. Millican's personnel file or other file containing documents relating to the employment of Ms. Millican including, but not limited to, personnel files, job descriptions, employment agreements, insurance documents, tax documents, or any other documents related to the employment of Nora Millican.

12. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, memoranda, taped recordings or cassettes that show or relate in any way to NARCOG employee Neal Morrison, Mr. Morrison's personnel file or other file containing documents relating to the employment of Mr. Morrison including, but not limited to, personnel files, job descriptions, employment agreements, insurance documents, tax documents, or any other documents related to the employment of Neal Morrison.

13. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, memoranda, taped recordings or cassettes that show or relate in any way to the determination by NARCOG employee Lona Johns that Rodney Gann had "received in excess of $36,000.00 in vouchers for home health agencies to care for his mother" as detailed in the memorandum Ms. Johns sent to NARCOG Board

10

members and dated 12/07/2011. These documents should be limited to the documents Ms. Johns reviewed prior to the drafting of the 12/07/2011 memorandum.

14. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, memoranda, taped recordings or cassettes that show or relate in any way to the determination by NARCOG employee Lona Johns that Rodney Gann had "received over $11,000 in benefits" as detailed in the letter Ms. Johns sent to the Alabama Ethics Commission and dated March 8, 2012.

15. Provide all documents Defendant submitted to the Alabama Ethics Commission concerning the allegations made with the Ethics Commission about the conduct of Rodney Gann.

16. All files, records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, memoranda, taped recordings or cassettes that show or relate in any way to Mamie Gann, including, but not limited to Alabama Cares benefits or any other programs Ms. Gann was enrolled in and administered in any way by NARCOG.

17. All files, records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes,

11

memoranda, taped recordings or cassettes that show or relate in any way to the investigation of Rodney Gann conducted by Kenneth Kilgo concerning the job performance of Mr. Gann.

18.  Any and all drafts of the statement read by Kenneth Kilgo at the NARCOG Board meeting held on March 8, 2012 concerning Rodney Gann. Please include a copy of the word processing file for any such drafts with all metadata included.

19.  Provide a copy of NARCOG's breach of ethics policy as referenced in the letter sent by Lona Johns to the Alabama Ethics Commission dated March 8, 2012.

20.  Provide a copy of Defendant's employee handbook and/or personnel manual and/or personnel policies and procedures in effect from 2003 to the present.

21.  Provide a copy of any and all documents relied on by Defendant to determine that Rodney Gann only provided care for his mother 20 hours per month as referenced in the letter sent by Lona Johns to the Alabama Ethics Commission dated March 8, 2012.

22.  Provide a copy of any and all documents regarding the NARCOG Alabama Cares program policy that gives preferential status to applicants to the

12

program who have a caregiver age 60 and over and caregivers who provide 24

hour in-home care assistance as detailed in the memorandum prepared by Lona

Johns, dated March 8, 2012, and referenced as Investigation Report of Rodney

Gann's Receipt of Alabama Cares Services.

## **INTERROGATORIES**

1. Provide a list of all employees of NARCOG employed by the Defendant

since January 1, 2004 to the present who have been terminated from employment,

either voluntarily or involuntarily, containing the following information:

- a. Employee's name;

- b. Employee's date of hire;

- c. Employee's job position at date of termination;

- d. Date of employee's termination;

- e. Reason for termination;

f. Whether employee had any accumulated, but unused, annual leave

at the time of the employee's termination;

g. Whether Defendant paid the terminated employee for the

accumulated, but unused annual leave the employee had at the time of termination;

h. Date that Defendant paid the terminated employee for the

13

accumulated, but unused annual leave the employee had at the time of termination.

    2. Provide the name, address and telephone number of each citizen who complained to Defendant or a Board member of Defendant that Plaintiff or Plaintiff's mother received Alabama Cares vouchers for his mother as detailed in the memorandum Ms. Johns sent to NARCOG Board members and dated 12/07/2011. Also provide the date when each complaint was made and the name of the person the complaint was made to.

    3. Provide the names of each NARCOG Board member who told Lona Johns that he/she had received a complaint from a citizen that Plaintiff or Plaintiff's mother received Alabama Cares vouchers for his mother as detailed in the memorandum Ms. Johns sent to NARCOG Board members and dated 12/07/2011. Also provide the date the Board members contacted Ms. Johns about this issue and the sum and substance of each communication.

    4. Provide the names of the Board members who called Ms. Johns and "asked about the matter" concerning Plaintiff or Plaintiff's mother receiving Alabama Cares vouchers for his mother as detailed in the memorandum Ms. Johns

14

sent to NARCOG Board members and dated 12/07/2011. Also provide the date
these Board members contacted Ms. Johns about this issue and the sum and
substance of each communication with Ms. Johns on this issue.

5. Provide the name of every NARCOG employee, former NARCOG
employee, NARCOG Board member, former NARCOG Board member or any
other person interviewed as part of Lona Johns' investigation of Rodney Gann and
detailed in the memorandum prepared by Lona Johns, dated March 8, 2012, and
referenced as Investigation Report of Rodney Gann's Receipt of Alabama Cares
Services. For each person, provide the following:

      a. The name of the individual;

      b. The dates or dates the person was interviewed or spoken to;

      c. The person or persons present during the interview;

      d. The sum and substance of the information provided by each
individual to Ms. Johns.

6. Provide the name of every NARCOG employee, former NARCOG
employee, NARCOG Board member, former NARCOG Board member or any
other person interviewed as part of Kenneth Kilgo's investigation of Rodney Gann
conducted in late 2011through March 2012. For each person, provide the

15

following:

    a.  The name of the individual;

    b.  The dates or dates the person was interviewed or spoken to;

    c.  The person or persons present during the interview;

    d.  The sum and substance of the information provided by each

individual to Mr. Kilgo.


    7.  Provide the name of every NARCOG employee, former NARCOG

employee, NARCOG Board member, or former NARCOG Board member who

participated in any benefits program administered by NARCOG including, but not

limited to Alabama Cares, since 2002.  For each person, provide the following:

    a.  The name of the individual;

    b.  The dates or dates the person or the person's family member was

enrolled in the program;

    c.  The name of the program the person participated in;

    d.  The period of time the person or person's family member was/is

enrolled in the program;

    e.  The value of benefits received each year the person or person's

family member was enrolled in the program;

16

f. Whether the person asked permission to enroll in the program from the Board of NARCOG prior to enrolling in the program;

g. If applicable, the date the person asked permission to enroll in the program from the Board of NARCOG;

h. If applicable, the date the Board either denied or approved the person's enrollment in the program.

8. Provide the names of the Board members who informed Ms. Johns that "they remember this situation being discussed at a Board meeting" (the "situation" being Plaintiff participating in the Alabama Cares program in June 2009) as detailed in the memorandum Ms. Johns sent to NARCOG Board members and dated 12/07/2011. For each person identified please provide the date the person communicated with Ms. Johns about this situation and the sum and substance of the information provided to Ms. Johns.

9. Provide the name of every person who was denied enrollment in the Alabama Cares program in favor of another individual who met NARCOG's policy for the Alabama Cares program (caregivers age 60 and over, and caregivers

17

providing 24 hour in-home care assistance) as detailed in the memorandum prepared by Lona Johns, dated March 8, 2012, and referenced as Investigation Report of Rodney Gann's Receipt of Alabama Cares Services. Limit this response to the time period of January 1, 2003 to the present. For each person, provide the following:

        a. The name of the individual;

        b. The dates the person was denied enrollment even though the person met the standards to enroll under Alabama Cares under the State of Alabama and federal criteria;

        c. The basis for determining that another person applying for the program was more deserving of enrolling in Alabama Cares;

        d. The name of the NARCOG employee who made the decision to deny the person from enrolling in Alabama Cares because someone else was more deserving.

        10. Provide the name of every person who was required to stop participation in the Alabama Cares program or asked to stop participation in the Alabama Cares program because a more qualified person met NARCOG's policy for the Alabama Cares program (caregivers age 60 and over, and caregivers

18

providing 24 hour in-home care assistance) and was on the waiting list for Alabama Cares.  Limit this response to the time period of January 1, 2003 to the present.  For each person, provide the following:

        a.  The name of the individual;

        b.  The dates the person was required to stop participation or asked to stop participation in the Alabama Cares program even though the person met the standards to be enrolled in Alabama Cares under the State of Alabama and federal criteria;

        c.  The basis for determining that another person applying for the program was more deserving of enrolling in Alabama Cares.

        d.  The name of the NARCOG employee who made the decision to stop the person's participation in Alabama Cares or ask the person to stop participation in Alabama Cares because a more deserving person was on the waiting list.


    11.  Provide the date NARCOG first applied NARCOG's policy for the Alabama Cares program of giving preferential status to applicants who had caregivers age 60 and over, and caregivers providing 24 hour in-home care assistance as detailed in the memorandum prepared by Lona Johns, dated March 8,

2012, and referenced as Investigation Report of Rodney Gann's Receipt of

Alabama Cares Services. Also provide the number of times this policy was

applied and the dates it was applied in giving preferential enrollment status to an

applicant and the NARCOG employee who made the decision regarding the

preferential status of an enrollee.

ANY INFORMATION THAT IS REQUESTED BY THESE DISCOVERY

REQUESTS WILL BE TREATED AS CONFIDENTIAL INFORMATION AND

USED FOR THIS CASE ONLY AS REQUIRED BY THE NORTHERN

DISTRICT OF ALABAMA QUALIFIED HIPAA PROTECTIVE ORDER.

Respectfully Submitted,

RODNEY GANN
Plaintiff

Rodney Gann
2903 Hunterwood Dr.
Decatur, AL 35603
(256) 351-2637

20

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon counsel of record in this cause by hand delivery on this the 20th day of August, 2013:

Barnes F. Lovelace, Jr.
Harris, Caddell & Shanks, P.C.
P.O. Box 2688
Decatur, AL 35602

Rodney Gann

21