# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| RODNEY GANN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | CV-13-S-270-NE |
| NORTH-CENTRAL ALABAMA ) | |
| REGIONAL COUNCIL OF ) | |
| GOVERNMENTS, a public entity, ) | |
| LONA JOHNS and ) | |
| KENNETH KILGO, as individuals, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS AND
FIRST INTERROGATORIES TO DEFENDANT LONA JOHNS**

COMES NOW Plaintiff Rodney Gann (hereinafter, "Plaintiff" or "Gann") and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, request that Defendant Lona Johns (hereinafter, "Defendant" or "Johns") produce and permit the Plaintiff to inspect and to copy each of the following items or documents which are in the possession, control or custody of the Defendant, which the Plaintiff requests to be produced at the offices of Defendant's counsel, within thirty (30) days as required by the Federal Rules of Civil Procedure and to answer the Interrogatories within thirty (30) days as required by the Federal Rules of Civil

**EXHIBIT B**

Procedure.

Where, in the answers of Defendant, facts set forth in the answers or portions thereof are supplied upon information and belief, rather than upon Defendant's knowledge, Defendant should so state, and specifically identify and describe the source or sources of such information and belief. Should Defendant be unable to answer any request for production or portion thereof by either actual knowledge or information and belief, Defendant should so state in detail its efforts to obtain such knowledge as would enable it to answer said Request for Production or portions thereof.

## DEFINITIONS

a. The term "you" or "your" or "Defendant" means Defendant Lona Johns and the attorneys, employees, representatives or agents of the Defendant who have information available to the Defendant within the meaning of Rule 33(a).

b. The term "person" means any natural person, firm, corporation, municipal corporation, public entity, county government, partnership, sole proprietorship, estate, trust, trust estate, joint venture, association or any other form of business entity of any nature or character, together with the partners, trustees, officers, directors, employees, attorneys or agents thereof.

c. The term "individual" means any natural person.

2

d. The terms "identify" or "identification," "describe," or "description" when used in reference to a document, means to state the type of document, date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof. In lieu of identifying any document, copies thereof may be furnished.

e. The term "document" or "documents" as used herein is to be construed broadly and shall mean any kind of written, or recorded or graphic matter, however produced or reproduced, of any kind of description, whether sent or received or neither, including originals, non-identical copies (whether different from the original because of marginal notes, or other material inserted therein or attached thereto, or otherwise), drafts and both sides thereof, including, but not limited to: agreements, communications, correspondence, telegrams, cables, telefax, electronic mail or telex messages, memoranda, records, books, summaries of records or personal conversations or interviews, desk calendars, appointment books, diaries, journals, forecasts, statistical statements, tabulations, accountants' work papers, graphs, charts, accounts, analytical records, affidavits, minutes, records or summaries of meetings or conferences, reports of summaries of interviews or telephone conversations, reports or summaries of investigations, opinions or reports of consultants, appraisals, records, reports or trade letters,

press releases, contracts, notes, projections, drafts of any documents, working papers, checks (front and back), check stubs or receipts, sound recordings, tape recordings, digital recordings, data processing records, microfilm, photographs, maps, charts, accounts, financial statements or reports thereof, promissory notes, loan agreements, loan files and all notes contained with loan files, revolving credit agreements, deeds of trust, guaranty agreements or indemnification agreements, real estate contracts for sale or lease, contract for sale of goods and/or services, pleadings, or any other documents or writings of whatever description, including any information contained in any computer or stored separately in electronic media or removable media (even if not previously printed out) within the custody or control of Defendant or any of Defendant's employees, agents, including attorneys, accountants, investment bankers, or advisors, or any other person acting or purporting to act on your behalf.

    f. The term "communication" means any contact or act by which information or knowledge is transmitted or conveyed between two or more persons and includes, without limitation: written contacts (whether by letter, electronic mail, memoranda, telegram, telefax, telex or any other document or method) and oral contacts (whether face-to-face meeting, telephone conversations or otherwise).

g. The terms "and" and "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of these Requests information or documents which might otherwise be considered to be beyond their scope.

h. The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bring within the scope of Requests any information which might otherwise be considered to be beyond their scope.

i. The term "referring to" or "relating to" any given subject, means any document, communication or statement that constitutes, contains, embodies, evidences, reflects, identifies, shows, states, analyzes, supports, refutes, refers to, deals with, arises from, is connected with, responds to, or is in any manner whatsoever pertinent to that subject.

j. The term "Plaintiff's Complaint" means the Complaint filed by Rodney Gann against Defendant in 2013 in the United States District Court for the Northern District of Alabama and any amendments thereto, if any.

l. The term "this case" or "this litigation" means the above styled case, bearing Civil Action No. CV-13-S-270-NE.

## REQUESTS FOR PRODUCTION

Defendant is requested to produce the following documents and things and permit Plaintiff to inspect and to copy each of the following documents:

1. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, memoranda, taped recordings or cassettes that show or relate in any way to an investigation of Plaintiff Rodney Gann concerning any unethical conduct Defendant alleged or believed Plaintiff had committed while employed by Defendant and conducted from January 1, 2011 to the present. This request includes any interview notes, statements made by employees or other persons, any e-mails between Defendant and employees or former employees of Defendant NARCOG or members of the Board of NARCOG or former members of the Board of NARCOG, any memoranda or other documents containing information about the investigation or the alleged unethical conduct allegedly committed by Gann.

2. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, e-mails, notes, memoranda, taped recordings or cassettes that show or relate in any way to the communications between Defendant and the Alabama Ethics Commission concerning Plaintiff Rodney Gann from January 1, 2011 to the present.

3. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, e-mails, text messages, memoranda, taped recordings or cassettes that show or relate in any way to the job performance of Plaintiff Rodney Gann from January 1, 2009 to the present.

4. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, e-mails, text messages, memoranda, taped recordings or cassettes showing communication between Defendant and Neal Morrison from January 1, 2011 to the present.

5. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, e-mails, text messages, memoranda, taped recordings or cassettes sent or received by Defendant Johns concerning any issue related to Rodney Gann from January 1, 2011 to the present.

6. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, memoranda, agreements or contracts that show or relate in any way to Defendant Johns loaning any money to former Executive Director of NARCOG Neal Morrison.

7. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, memoranda, taped recordings or cassettes that show or relate in any way to the determination by Defendant Johns that Rodney Gann had "received in excess of $36,000.00 in vouchers for home health agencies to care for his mother" as detailed in the memorandum Ms. Johns sent to NARCOG Board members and dated 12/07/2011. These documents should be limited to the documents Ms. Johns reviewed prior to the drafting of the 12/07/2011 memorandum.

8. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, memoranda, taped recordings or cassettes that show or relate in any way to the determination by Defendant Johns that Rodney Gann had "received over $11,000 in benefits" as detailed in the letter Ms. Johns sent to the Alabama Ethics Commission and dated March 8, 2012.

9. Provide a copy of any and all documents relied on by Defendant Johns to determine that Rodney Gann only provided care for his mother 20 hours per month as referenced in the letter sent by Ms. Johns to the Alabama Ethics Commission dated March 8, 2012.

## INTERROGATORIES

1. Provide the name, address and telephone number of each citizen who complained to Defendant or a Board member of Defendant that Plaintiff or Plaintiff's mother received Alabama Cares vouchers for his mother as detailed in the memorandum Ms. Johns sent to NARCOG Board members and dated 12/07/2011. Also provide the date when each complaint was made and the name of the person the complaint was made to.

2. Provide the names of each NARCOG Board member who told Defendant Johns that he/she had received a complaint from a citizen that Plaintiff or Plaintiff's mother received Alabama Cares vouchers for his mother as detailed in the memorandum Ms. Johns sent to NARCOG Board members and dated 12/07/2011. Also provide the date the Board members contacted Ms. Johns about this issue and the sum and substance of each communication.

3. Provide the names of the Board members who called Ms. Johns and "asked about the matter" concerning Plaintiff or Plaintiff's mother receiving Alabama Cares vouchers for his mother as detailed in the memorandum Ms. Johns sent to NARCOG Board members and dated 12/07/2011. Also provide the date

9

these Board members contacted Ms. Johns about this issue and the sum and substance of each communication with Ms. Johns on this issue.

4. Provide the name of every NARCOG employee, former NARCOG employee, NARCOG Board member, former NARCOG Board member or any other person interviewed as part of Defendant Johns' investigation of Rodney Gann as detailed in the memorandum prepared by Lona Johns, dated March 8, 2012, and referenced as Investigation Report of Rodney Gann's Receipt of Alabama Cares Services. For each person, provide the following:

    a. The name of the individual;

    b. The dates or dates the person was interviewed or spoken to;

    c. The person or persons present during the interview;

    d. The sum and substance of the information provided by each individual to Ms. Johns.

5. Provide the name of every person who participated in the investigation of Rodney Gann which was conducted by NARCOG during the time period of October 2011 to August 2012.

6. Provide the names of the Board members who informed Defendant Johns that "they remember this situation being discussed at a Board meeting" (the "situation" being Plaintiff participating in the Alabama Cares program in June 2009) as detailed in the memorandum Ms. Johns sent to NARCOG Board members and dated 12/07/2011. For each person identified please provide the date the person communicated with Ms. Johns about this situation and the sum and substance of the information provided to Ms. Johns.

7. Provide the specific details of any loans between Defendant Johns or members of Johns' family and former Executive Director of NARCOG Neal Morrison, including, but not limited to, the amount of the loan, the date the loan was made, the terms and conditions of the loan, and the date the loan was repaid, if applicable, and the amount of the repayment, if applicable.

8. On April 10, 2012 at a NARCOG Board meeting, Defendant Lona Johns told the Board that an employee who is terminated from employment with NARCOG is not leaving employment "in good standing." Provide the factual basis for making that statement, including, but not limited to, the names of NARCOG employees who were involuntarily terminated and who did not receive

11

accumulated, but unused annual leave, the names of any individuals who told Defendant Johns that involuntarily terminated employees were not to be considered "in good standing", and the sum and substance of each communication from any person with Ms. Johns about this issue.

9. On April 10, 2012, the NARCOG Board voted to deny Plaintiff payment for accumulated, but unused, annual leave. Defendant Johns also told the Board at a Board meeting held that day that the Board's attorneys gave the opinion that Plaintiff should not be paid for accumulated, but unused annual leave. In August 2012, NARCOG paid Plaintiff for his accumulated, but unused, annual leave. As Executive Director, Defendant Johns approved that payment to Plaintiff and was one of the signatories on the check. In making the decision to pay Plaintiff for his accumulated, but unused, annual leave, provide:

    a. The name of every person Defendant Johns spoke to about this matter prior to approving the payment to Plaintiff.

    b. The sum and substance of each communication Ms. Johns had with these individuals about this issue;

    c. The date of each of these communications;

    d. Defendant's basis for ignoring a vote of the Board of NARCOG

12

and NARCOG's attorney's opinion and deciding to pay Plaintiff for his accumulated, but unused, annual leave.

10. Provide the basis Defendant Johns used in determining the estimated "current day value" for the "over $11,000 in benefits" Defendant alleged Plaintiff received as a participant in the Alabama Cares program as detailed in Defendant Johns' letter to the Alabama Ethics Commission dated March 8, 2012. In responding to this Interrogatory, please show the calculations for ascertaining the "current day value" including how the amount of $18,500 was reached and which measure of worth was used by Defendant in ascertaining the "current day value."

11.   Please state your educational background in detail.

12.   State whether you have ever been arrested or convicted of any crime. If so, state the County, State and court where such arrest or conviction took place and the charge of the arrest and the results following the arrest.

13. State the address for every place you have lived during the last fifteen years and whether you owned or rented the residence.

14. Provide the name, address and telephone number of every relative that you have that lives in the Northern District of Alabama.

15. State the name of every employer you have worked for during the last fifteen years. Additionally, for each employer provide the job position held, job duties performed, address of employer, immediate supervisor, dates of employment, rate of pay while employed, and reason for leaving employment.

16. Have you ever been a plaintiff or defendant in any other lawsuit? If so, set forth in detail the facts of each case, including the decision or outcome.

17. Have each of the preceding interrogatories been answered directly, fully and truthfully?

18. Is Plaintiff aware that each of her answers is made under oath?

Respectfully Submitted,

_____
RODNEY GANN
Plaintiff

Rodney Gann
2903 Hunterwood Dr.
Decatur, AL 35603
(256) 351-2637

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon counsel of record in this cause by hand delivery on this the 21th day of August, 2013:

Bingham D. Edwards
Edwards Law Firm
123 Lee Street, NE, Suite A
Decatur, AL 35601

_____
Rodney Gann