FILED

2013 Nov-05  PM 01:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | |
|---|---|
| **RODNEY GANN,** | ) |
| | ) |
| **Plaintiff,** | )  **5:13-cv-00270-CLS** |
| | ) |
| **NORTH-CENTRAL ALABAMA** | ) |
| **REGIONAL COUNCIL OF** | ) |
| **GOVERNMENTS, a public entity,** | ) |
| **et als.,** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANT'S, NORTH-CENTRAL ALABAMA REGIONAL COUNCIL OF GOVERNMENTS, RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST INTERROGATORIES

COMES NOW the defendant, North-Central Alabama Regional Council of

Governments ("NARCOG" or "Defendant") and for response to the Plaintiff's First

Request for Production of Documents, state as follows:

A.     Defendant has made a comprehensive and diligent effort to review its

files and records seeking to identify all documents and things responsive to the

Plaintiff's production requests. This review is continuing. The product of this review

is extensive and voluminous. Defendants NARCOG and Lona Johns are jointly

producing the documents requested by Plaintiff from NARCOG and Lona Johns. To

date, 2,863 pages of documents Bates Stamp Nos. 0001 - 02863 have been copied and

1

**EXHIBIT C**

numerous additional e-mails, documents, files and audio records have been saved on two CD's (said items saved on said CD's consist of approximately 205,140 pages of material according to page estimation software and many hours of audio recordings), that are or may be regarded as responsive to Plaintiff's production requests. If the continuing review identifies other responsive documents or things, this response will be supplemented.

## GENERAL OBJECTIONS

1.     Defendant objects to each and every request for production to the extent that they call for information that is beyond the scope of permissible discovery.

2.     Defendant objects to each and every request for production to the extent that they call for information that is subject to the attorney-client privilege or to any other privilege or the work product doctrine, or call for a response that would require disclosure of mental impressions, conclusions, opinions or legal theories of Defendant's attorneys and other representatives concerning this litigation.

3.     Defendant objects to each and every request for production to the extent that they, whether standing alone or taken in conjunction with any other requests, are vague or overbroad or are calculated or would operate, to annoy, embarrass, oppress, unduly burden or unduly cause expense to Defendant or would be unduly vexatious or unduly burdensome on the ground that they exceed the permissible scope of

2

discovery available under the *Federal Rules of Civil Procedure*.

4.    Defendant objects to each and every request for production to the extent
they require Defendant to produce information or documents irrelevant to the subject
matter or issues of this action and not reasonably calculated to lead to the discovery
of admissible evidence, on the ground that they exceed the permissible scope of the
discovery available under the *Federal Rules of Civil Procedure*.

5.    To the extent Defendant agrees to respond to the document requests,
Defendant has or will produce non-privileged information or documents to the extent
they exist and to the extent they could be located after Defendant has made a
reasonable, diligent and good faith effort to review its files and locate responsive
documents or things.

6.    By responding to any request for production, Defendant does not
concede the relevancy or materiality of any items produced or to any matters to which
any items produced may refer; Defendant's response to each request is made
expressly subject to and without waiving in any way all questions or objections as to
competency, relevancy, materiality, privilege or admissibility as evidence or for any
other purpose, of any documents or items produced.

3

## SPECIFIC RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR

## PRODUCTION OF DOCUMENTS

The Defendant's responses below are to the corresponding numbered requests in the Plaintiff's First Request for Production of Documents:

1-22. The General Objections set forth above are incorporated herein by reference. Subject thereto, all documents and things responsive to these requests, to the extent presently known to exist or found after Defendant made a reasonable, diligent and good faith effort to identify and locate all documents responsive to these requests, are included within the documents being made available to the Plaintiff for his inspection and copying at the offices of Defendants' counsel. Said documents and things are Bates Stamp Nos. 00001 to 02863 and additional e-mails, documents, files and audio records which are included on the two CD's being provided to Plaintiff (said items saved on said CD's consist of approximately 205,140 pages of material according to page estimation software and many hours of audio recordings). Defendants NARCOG and Lona Johns are jointly producing the documents requested by Plaintiff from NARCOG and Lona Johns. The documents produced include, but are not limited to, the following described documents:

1.      The following documents maintained by the Defendant NARCOG: Stefanie Franklin's personnel file, Rodney Gann's personnel file, Cherri

4

Blankenship's personnel file, Nora Millican's personnel file, Lona Johns' personnel file, Neal Morrison's personnel file, documents and information submitted to the EEOC in response to the Plaintiff's complaint filed with the EEOC, certain emails and correspondence between Neal Morrison and Plaintiff, documents and information submitted to the Alabama Ethics Commission concerning Plaintiff, 2008 Financial Audit of NARCOG, minutes from meetings of the Personnel Committee and Executive Committee from October 5, 2009- April 2, 2012, NARCOG's Employee Policy and Procedure Manual, minutes of NARCOG Board meetings from January 28, 2009- November 28, 2012 and audio recordings of said Board meetings, certain e-mails of Lona Johns, Neal Morrison, Stefanie Franklin, Cherri Blankenship, Pat White, Diana Thorpe and Plaintiff maintained on computers at NARCOG for its e-mails, vouchers and other documentation concerning benefits received by Plaintiff and his mother under the Alabama Cares program and other documents being made available to the Plaintiff in response to his Request for Production of Documents.

## **SPECIFIC RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES**

The Defendant's responses below are to the corresponding numbered interrogatories in the Plaintiff's First Interrogatories to Defendant:

1. See the information attached hereto as Exhibit A and incorporated herein by reference.

5

2.     Franklin Turney, 405 Main Street E, Hartselle, AL 35640. In or about November, 2011 Mr. Turney made his complaint to Ray Long.

3.     Ray Long. In or about November, 2011 Mr. Long came to NARCOG's office and met with Lona Johns and informed her that Mr. Turney had contacted him and complained that Plaintiff and/or Plaintiff's mother were improperly receiving benefits under the Alabama Cares program.

4.     To the best of Defendant Lona Johns' knowledge, the following Board members spoke with Lona Johns concerning Plaintiff or Plaintiff's mother receiving benefits under the Alabama Cares program sometime between November, 2011 and December 7, 2011: Ray Long, Dale Davis, Kenneth Kilgo, James Graves, Bob Francis, Randall Shedd, Kenneth Nail, Mose Jones, Morris Fitts and Max Townson. Generally, the above referenced Board members asked Ms. Johns about the status of her investigation and what information she had determined in her investigation.

5.     Loretta Brannon, Diana Thorpe, Cherri Blankenship, Stefanie Franklin, Ann Bell, Lisa Grant, Pat White, Dale Davis, Randall Shedd, James Graves, Kenneth Kilgo, Mose Jones, Keith Jones, James Coman, Priscilla Smith, Dr. Illeea Cobb, Kathy Hall, Ray Long, Celeste Stroup and Neal Morrison.

The above individuals would have been contacted during the period of time from approximately November, 2011 to early March, 2012. Defendant Lona Johns

6

and Defendant and then NARCOG Board member, Kenneth Kilgo, primarily conducted this investigation initially at the request of the Chairman of NARCOG's Board of Directors and other NARCOG Board members. Stefanie Franklin, Cherri Blankenship and Lisa Grant also assisted in this investigation. Generally, the investigation detailed in the memorandum dated March 8, 2012 related to the complaint made by Mr. Turney concerning the benefits received by Plaintiff and his mother under the Alabama Cares program. The information received from the above individuals related to the above referenced subject matter of the investigation. In addition to the investigation referenced above, Ms. Johns also discussed with members of the Board of NARCOG during the period of said investigation matters relating to the job performance of Plaintiff.

6. This defendant cannot state for certainty the individuals Kenneth Kilgo interviewed as part of his investigation, but some or all of the individuals listed in answer number 5 above may have been contacted by Mr. Kilgo. Mr. Kilgo may have contacted other individuals as part of his investigation.

7. Defendant has made a diligent effort to determine the persons, or family members of said persons, described in this interrogatory who may have participated in any benefits programs administered by NARCOG, but because of the turnover in employment at NARCOG there may be former employees of NARCOG who would know of other of said persons, or family members, who received said benefits. To the

7

best of Defendant's knowledge the following persons, or their family members, are known to have received said benefits:

a.   ▮▮▮▮▮▮▮, the mother of ▮▮▮▮▮▮▮ a NARCOG employee, received benefits under the Alabama Cares program.  Because of the unavailability of records it is unknown the exact period of time ▮▮▮ ▮▮▮ received said benefits and the exact amount of the benefits received by ▮▮▮▮▮▮▮.

b.   Rodney Gann, a former NARCOG employee, and his mother, Mamie Gann, received benefits under the Alabama Cares program from approximately 2002-2010. The exact amount of the benefits received by Rodney Gann and his mother, Mamie Gann, are not known at this time.

c.   ▮▮▮▮▮▮ the mother of ▮▮▮▮▮▮ a former NARCOG employee, received benefits under the Alabama Cares program.  Because of the unavailability of records it is unknown the exact period of time ▮▮▮ ▮▮▮ received said benefits and the exact amount of the benefits received by ▮▮▮▮▮.

d.   The mother of ▮▮▮▮▮▮, a former NARCOG Board member, received benefits under the Medicaid Waiver program. Because of the unavailability of records it is unknown the exact period of time ▮▮ ▮▮▮▮▮ mother received said benefits and the exact amount of the

8

benefits she received.

e. ███████, the mother of █████, a former NARCOG employee, received benefits under the Medicaid Waiver program. Because of the unavailability of records it is unknown the exact period of time ████ received said benefits and the exact amount of the benefits received by █████.

f. A relative of █████ the wife of █████, a former NARCOG Board member, received benefits under the Alabama Cares program. Because of the unavailability of records it is unknown the exact period of time █████ relative received said benefits and the exact amount of the benefits received by ████ relative.

8.    Dale Davis, Kenneth Kilgo, Mose Jones and James Graves. Sometime between November, 2011 and December 7, 2011. Some or all of these individuals told Ms. Johns that they recalled this situation being discussed at the NARCOG Board meeting held in June, 2009 and that the Plaintiff said at that meeting, or shortly after that meeting, that his mother had only been receiving benefits under the Alabama Cares program for a few months and that he would discontinue those benefits being provided for him and his mother through NARCOG.

9.    We have been unable to locate a specific list of names of individuals denied enrollment in the Alabama Cares program as described in this interrogatory,

9

but the reports submitted by the Plaintiff to NARCOG's Board of Directors over the

years indicated that there were numerous individuals on the waiting list who wanted

to participate in the Alabama Cares program, but that there were no slots or benefits

available for those individuals.

10.   a.   Sandra Elliott

        b.   October 1, 2009

        c.   Due to the demand for the program, at that time there were over

             300 people on the waiting list, and because there was limited

             funding for the Alabama Cares program there was a need to cut

             back on clients so that other individuals on the waiting list could

             be served as stated in a letter to Ms. Elliott dated October 1, 2009.

        d.   Diana Thorpe

11.   To the best knowledge of this Defendant, said preferential status began

      when the Alabama Cares program started in approximately 2002.

**NORTH-CENTRAL ALABAMA REGIONAL COUNCIL OF GOVERNMENTS**

BY: _____ _____

Jeffrey Pruitt

**Its Executive Director**

**STATE OF ALABAMA** )
)
**COUNTY OF MORGAN** )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared Jeffrey Pruitt, whose name as Executive Director of North-Central Alabama Regional Council of Governments is signed to the foregoing answers to the plaintiff's first interrogatories, and who, after being by me first duly sworn, deposes and says that he has read the foregoing responses to the plaintiff's first interrogatories and to the best of his knowledge, information and belief, the facts stated therein are true and correct, and he, as such Executive Director, and with full authority, executed the same voluntarily for and as the act of North-Central Alabama Regional Council of Governments.

**GIVEN UNDER MY HAND AND SEAL** this, the 23rd day of October, 2013.

_____
NOTARY PUBLIC
My Commission Expires:____10/12/16____

11

## CERTIFICATE OF SERVICE

I certify that I have served the following parties by depositing a copy of the foregoing in the United States mail, first class postage prepaid and properly addressed to them as follows:

> Mr. Rodney Gann
> 2903 Hunterwood Drive
> Decatur, Alabama 35603

> Mr. Bingham D. Edwards
> Edwards Law Firm
> 123 Lee Street, NE, Ste. A
> Decatur, AL  35601

> Mr. Dan J. Willingham
> Fuller, Willingham, Fuller & Carter, LLC
> P. O. Box 1213
> Cullman, AL 35056-1213

on this the 23rd day of October, 2013.

> /s/ Barnes F. Lovelace, Jr.
> Of Counsel

12

**EXHIBIT "A"**

| LName | FName | Middle | HireDate | Termination Date | Termination Reason | Job Position at Date of Termination | Any Unused AL @ Termination? Y/N | Paid Unused AL? Y/N | Date Paid Unused AL |
|---|---|---|---|---|---|---|---|---|---|
| ARMSTRONG | BENJAMIN | ALAN | 05/15/06 | 05/30/12 | MPO Relocated to City of Decatur | Transportation Planner / Decatur MPO | Yes | Yes | 05/30/12 |
| AKERSON | ADRIAN | ULYSSES | 04/28/09 | 08/18/11 | Resign | Case Manager / SCSEP Project Assistant | Yes | Yes | 08/26/11 |
| AVILA | JOICE | CAROLINA | 05/23/12 | 08/02/12 | Temp Summer Position Ended | Planning Intern (Temp) | N/A | N/A | N/A |
| BERRY | BERTHA | J | 04/08/91 | 06/30/06 | Medical - Resign | Senior Aides Project Director / Medicaid Coordinator | No | N/A | N/A |
| BOLAN | SHELBY | G | 04/13/06 | 05/31/12 | Part time Position - Resigned | Temp Secretary | N/A | N/A | N/A |
| BRANUM | ANITA | K | 01/19/12 | 02/09/12 | Temp Position Terminated - Failed Drug Screen | Temp Secretary | N/A | N/A | N/A |
| Brewster | Regenia | | 10/01/12 | 05/22/13 | Resign | Case Manager | Yes | Yes | 05/31/13 |
| CALDWELL | LAQUITTA | JOHNSON | 02/07/12 | 06/15/12 | Terminated during probationary period - poor work performance | Case Manager | Yes | No | N/A |
| CARRUTH | KERRI | ELIZABETH | 08/02/04 | 12/10/07 | Resign | Case Manager | Yes | Yes | 12/21/07 |
| CRAWFORD | CHARLES | G. | 11/01/03 | 11/13/06 | Contract Employee-refused random drug test-resigned | Temp - Contract for Legal & Ombudsman Services | N/A | N/A | N/A |
| ELAM | SUSAN | M. | 10/27/03 | 05/02/12 | Resigned | Temp Aging Specialist / Area SeniorRx Program Coordinator | N/A | N/A | N/A |
| Faulkner | Hannah | T | 07/01/13 | 08/16/13 | Temp Summer Position Ended | Planning Intern (Temp) | N/A | N/A | N/A |
| GANN | ARCHIE | R | 08/24/92 | 03/09/12 | | Director of Aging | Yes | Yes | 08/10/12 |
| HELLUMS | JACK | DEWAYNE | 03/15/99 | 05/31/12 | MPO Relocated to City of Decatur | Transportation Division Director / Decatur MPO | Yes | Yes | 05/30/12 |
| Hilley | Jimmy | R | 05/28/13 | 08/07/13 | Temp Summer Position Ended | Planning Intern (Temp) | N/A | N/A | N/A |
| HOLYFIELD | CONKNESHIA | S | 08/19/11 | 04/12/13 | Resign | Nutrition Coordinator | Yes | Yes | 04/19/13 |
| JOHNS | LONA | S | 08/24/05 | 02/06/13 | Resign | Interim Executive Director | Yes | Yes | 02/22/13 |
| KEUNEN | REBECCA | LYNN | 09/25/06 | 08/28/08 | Resign | Case Manager | Yes | Yes | 09/11/08 |

**EXHIBIT "A"**

| LName | FName | Middle | HireDate | Termination Date | Termination Reason | Job Position at Date of Termination | Any Unused AL @ Termination? Y/N | Paid Unused AL? Y/N | Date Paid Unused AL |
|---|---|---|---|---|---|---|---|---|---|
| KILGO | KENNETH | DENOY | 04/13/12 | 01/23/13 | Temp Position Terminated | Temp Manager of Programs / Coordinator | N/A | N/A | N/A |
| MATTHEWS | CHARLES | RONALD | 10/07/88 | 06/22/09 | Retired | Executive Director | Yes | Yes | 09/02/09 |
| MCGREW | STEPHANIE | HANEY | 01/04/07 | 03/23/07 | Terminated during probationary period due to unsatisfactory work | Case Manager | Yes | Yes | 03/30/07 |
| MCWHORTER | MURINE | GAIL | 04/03/06 | 10/07/08 | Part time Retired | Temp Sr. Aides Program Assistant | N/A | N/A | N/A |
| MILLICAN | NORA | D | 01/03/83 | 09/28/12 | Retired | Director of Grants and Loans | Yes | Yes | 10/05/12 |
| MORRISON | NEAL | GREGORY | 11/12/09 | 10/14/11 | Resign | Executive Director | Yes | Yes | 10/21/11 |
| NEAL | MACE | | 05/07/75 | 04/30/06 | Retired | Planner III | Yes | Yes | 04/26/06 |
| PATTERSON | MICHELLE | | 08/02/02 | 08/19/05 | Resign | Caregiver Coordinator | Yes | Yes | 08/02/05 |
| PRINCE | HATTIE | | 03/29/84 | 10/28/11 | Retired | Receptionist | Yes | Yes | 11/04/11 |
| RICKART | KATHERINE | HANEY | 05/16/12 | 09/04/12 | Temp Position - Resigned | Temp Case Manager | N/A | N/A | N/A |
| SCHRIMSHER | STACEY | M | 05/01/12 | 05/15/12 | Temp Position - Resigned | Temp Case Manager | N/A | N/A | N/A |
| SHELTON | AMY | N | 08/18/05 | 06/11/10 | Resign | Lead Case Manager | Yes | Yes | 06/18/10 |
| SMITH | JENIFER D. | STEVENS | 02/02/95 | 07/23/12 | Resign | Accounting Coordinator | Yes | Yes | N/A |
| Smith | Theresa | L | 05/28/13 | 06/17/13 | Temp Position - Resigned | Temp Case Manager | N/A | N/A | N/A |
| Southern | Sara | R | 03/07/13 | 05/16/13 | Resign | Case Manager | Yes | Yes | 05/31/13 |
| SPARKS | TABITHA | D | 09/28/04 | 08/17/05 | Terminated during probationary period - poor work performance | Case Manager | Yes | Yes | 08/19/05 |
| Suggs | Jamie | D | 03/07/13 | 08/14/13 | Resign | Case Manager | Yes | Yes | 08/23/13 |
| SUMMERS | HEATHER | ENDICOTT | 05/07/10 | 09/30/11 | Laid Off | Nutrition Coordinator | Yes | No | N/A |
| Teague | Royce | W | 03/07/13 | 03/11/13 | Resign | Case Manager | No | N/A | N/A |

EXHIBIT "A"

| LName | FName | Middle | HireDate | Termination Date | Termination Reason | Job Position at Date of Termination | Any Unused AL @ Termination? Y/N | Paid Unused AL? Y/N | Date Paid Unused AL |
|---|---|---|---|---|---|---|---|---|---|
| TERRY | DONNA | M | 07/28/97 | 09/08/04 | Resign | Case Manager | Yes | Yes | 09/16/04 |
| THORPE | DIANA | M | 06/24/02 | 09/28/12 | Retired | Cares Coordinator | Yes | Yes | 10/05/12 |
| THORPE | HEATHER | M. | 04/14/04 | 08/01/04 | Temp Position - resigned | Temp Case Manager | N/A | N/A | N/A |
| TUCK | RACHELLE | L | 07/10/02 | 11/17/06 | Terminated - Rules & Standards Violation | Case Manager | Yes | Yes | 11/25/06 |
| TURNER | JESSE | E. | 11/03/03 | 03/28/06 | Resign | GIS / Computer Analyst | Yes | Yes | 03/31/06 |
| WALKER | NITA | | 09/15/86 | 07/31/04 | Resign | Case Manager | Yes | Yes | 08/20/04 |
| WHITE | PATRICIA | ANN | 07/02/01 | 12/28/11 | Resign | Executive Secretary | Yes | Yes | 12/30/11 |
| WIGGINS | JANICE | ADELE | 10/08/09 | 08/30/11 | Temp Position - Program Funding Ended | Temp - Coach Coordinator for Digital Inclusion Initiative | N/A | N/A | N/A |