FILED
2013 Nov-05 PM 01:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT F

# Rodney Gann
2903 Hunterwood Dr.
Decatur, AL 35603
(256) 351-2637
October 28, 2013

**VIA HAND DELIVERY**
Barnes F. Lovelace, Jr.
Harris, Caddell & Shanks, P.C.
P.O. Box 2688
Decatur, AL 35602

RE:   Gann v. NARCOG

Dear Mr. Lovelace:

    I have had a chance to review the responses to the discovery requests I sent to NARCOG and Lona Johns and picked up from your office on the 24th. I have some issues about the responses that need to be resolved, hopefully, between us. But also, this needs to be done quickly.

    First and foremost, I want the **originals** of the responses to my discovery requests, not photocopies. I will come by your office on Tuesday, October 29, at 9:00 a.m. to pick up the originals.

    I filed a motion to compel with the court when you did not provide responses to my discovery requests when they were due. Additionally, you did not reply when I sent you a letter about the failure to respond to my discovery requests. In my motion to compel, I argued that the defendants should not be allowed to file any objections to discovery requests because the objections were not made within the time period allowed by the federal rules of procedure. You filed a response to my motion, but did not make any argument that you should be allowed to make objections. The court granted my motion.

    In fact, the court order said that NARCOG and Ms. Johns "are ORDERED to fully provide" Initial Disclosures and Discovery Responses. I think that the word "fully" in the Court Order means the responses should be made in full without objections. Because the court granted my motion and my motion asked for the responses to be made without objections, I believe you are in error for asserting any objections as you did in the responses.

    I reviewed a copy of the document you filed with the court claiming to have complied with the court order on my motion to compel. After reviewing the responses, in my opinion, you only partially complied with the order. Many of my discovery requests were only partially answered and several more were not answered at all. I am very disappointed that what you have provided to me you think is fully complying with the court order and is a complete response to my discovery requests.

**EXHIBIT F**

Specifically, the responses to the interrogatories to I sent to NARCOG have the most problems. In Interrogatory Number 3 submitted to NARCOG, I asked:

> *3. Provide the names of each NARCOG Board member who told Lona Johns that he/she had received a complaint from a citizen that Plaintiff or Plaintiff's mother received Alabama Cares vouchers for his mother as detailed in the memorandum Ms. Johns sent to NARCOG Board members and dated 12/07/2011. Also provide the date the Board members contacted Ms. Johns about this issue and the sum and substance of each communication.*

The response was that Ray Long spoke to Ms. Johns about the complaint of Franklin Turney "In or about November, 2011." That could be October, November, or December. A specific date or one much closer in time to the actual event should be provided. That would go a long way into determining how much time Ms. Johns spent on her "investigation." Additionally, there is no detail as to what was discussed. This answer is not fully responsive. In Ms. Johns' December 7, 2011 memorandum, she claims she was asked to investigate by several Board members and she reported her "findings." This indicates that she conducted an investigation. You need to provide the "sum and substance" of each communication between Mr. Long and Ms. Johns regarding this issue. Since Mr. Long is still a Board member, he may have information about these communications. Overall, this interrogatory is not answered in full.

In Interrogatory Number 4 submitted to NARCOG, I asked:

> *4. Provide the names of the Board members who called Ms. Johns and "asked about the matter" concerning Plaintiff or Plaintiff's mother receiving Alabama Cares vouchers for his mother as detailed in the memorandum Ms. Johns sent to NARCOG Board members and dated 12/07/2011. Also provide the date these Board members contacted Ms. Johns about this issue and the sum and substance of each communication with Ms. Johns on this issue.*

The response listed the names of several Board members, but does not give the dates of the conversations with Ms. Johns. Additionally, the "sum and substance" of each communication was answered with "Generally, the above referenced Board members asked Johns about the status of the investigation and what information she had determined in her investigation." That is not a specific response. Ms. Johns may have had a conversation with some Board members that lasted for hours and others that lasted for minutes. She may have provided a great deal of information to some Board members, and none to others. She may have spoken to the same Board member 10 times, and another Board member once. This interrogatory needs to be answered in full with specifics about these communications.

In Interrogatory Number 5, I requested:

> *5. Provide the name of every NARCOG employee, former NARCOG employee, NARCOG Board member, former NARCOG Board member or any other person interviewed as part of*

2

*Lona Johns' investigation of Rodney Gann and detailed in the memorandum prepared by Lona Johns, dated March 8, 2012, and referenced as Investigation Report of Rodney Gann's Receipt of Alabama Cares Services. For each person, provide the following:*
   *a. The name of the individual;*
   *b. The dates or dates the person was interviewed or spoken to;*
   *c. The person or persons present during the interview;*
   *d. The sum and substance of the information provided by each individual to Ms. Johns.*

Your response does list the people interviewed, but does not provide dates, who conducted the interview, or the sum and substance of the information the person interviewed provided the interviewer. For example, some of the people interviewed may have stated that I did not do anything wrong in enrolling in Alabama Cares. Your response that information received "related to the above referenced subject matter of the investigation" is non-responsive to the interrogatory. I need for you to provide me with the specific information each person provided your client during the investigation.

I asked in Interrogatory Number 6, the following:

*6. Provide the name of every NARCOG employee, former NARCOG employee, NARCOG Board member, former NARCOG Board member or any other person interviewed as part of Kenneth Kilgo's investigation of Rodney Gann conducted in late 2011 through March 2012. For each person, provide the following:*
   *a. The name of the individual;*
   *b. The dates or dates the person was interviewed or spoken to;*
   *c. The person or persons present during the interview;*
   *d. The sum and substance of the information provided by each individual to Mr. Kilgo.*

The response to this interrogatory is really not a response at all. Mr. Kilgo was, according to your answer to Interrogatory #5, investigating me at the direction of the Board. That makes him the Board's employee or agent. Therefore, NARCOG is responsible for getting the information that answers this interrogatory. Guessing as to what your own investigator did during an investigation is an insufficient response. You need to provide the detailed information requested.

Interrogatory Number 7 requests:

*7. Provide the name of every NARCOG employee, former NARCOG employee, NARCOG Board member, or former NARCOG Board member who participated in any benefits program administered by NARCOG including, but not limited to Alabama Cares, since 2002. For each person, provide the following:*

3

    a. The name of the individual;
    b. The dates or dates the person or the person's family member was enrolled in the program;
    c. The name of the program the person participated in;
    d. The period of time the person or person's family member was/is enrolled in the program;
    e. The value of benefits received each year the person or person's family member was enrolled in the program;
    f. Whether the person asked permission to enroll in the program from the Board of NARCOG prior to enrolling in the program;
    g. If applicable, the date the person asked permission to enroll in the program from the Board of NARCOG;
    h. If applicable, the date the Board either denied or approved the person's enrollment in the program.

  The response to this interrogatory lists the name of the employee or Board member who was in a NARCOG program, but provides no other requested information. NARCOG has access to the State of Alabama system that keeps a record of services provided to each person enrolled in a program. I should know since I was the Director of Aging for 19 years. That is one way to get some of the information. My other question is, does NARCOG have any files on anybody? I find it hard to believe that every one of the files of 5 persons listed other than me have had their files disappear. You need to answer b, d, e, f, g, and h of this interrogatory or explain how the agency that is required to maintain these files no longer has the files. Also, since you cannot find these files, how do I know you have listed all persons who were in programs because it seems you cannot find anyone's files?

  In Interrogatory Number 8, I asked for:

  *8. Provide the names of the Board members who informed Ms. Johns that "they remember this situation being discussed at a Board meeting" (the "situation" being Plaintiff participating in the Alabama Cares program in June 2009) as detailed in the memorandum Ms. Johns sent to NARCOG Board members and dated 12/07/2011. For each person identified please provide the date the person communicated with Ms. Johns about this situation and the sum and substance of the information provided to Ms. Johns.*

  Once again, the details regarding this interrogatory are not being answered. First, you should have a recording of the referenced Board meeting held in June 2009. A review of that recording will establish that I did not say anything at that meeting about my mother being in Alabama Cares. Second, if some of the named Board members in your response now claim I made statements about my mother only receiving benefits for "a few months" outside of a Board meeting, I need to know which Board members made this statement, the sum and substance of what they told Ms. Johns, and the date they told Ms. Johns this.

4

Interrogatory Number 9 requests:

*9. Provide the name of every person who was denied enrollment in the Alabama Cares program in favor of another individual who met NARCOG's policy for the Alabama Cares program (caregivers age 60 and over, and caregivers providing 24 hour in-home care assistance) as detailed in the memorandum prepared by Lona Johns, dated March 8, 2012, and referenced as Investigation Report of Rodney Gann's Receipt of Alabama Cares Services. Limit this response to the time period of January 1, 2003 to the present. For each person, provide the following:*

  *a. The name of the individual;*
  *b. The dates the person was denied enrollment even though the person met the standards to enroll under Alabama Cares under the State of Alabama and federal criteria;*
  *c. The basis for determining that another person applying for the program was more deserving of enrolling in Alabama Cares;*
  *d. The name of the NARCOG employee who made the decision to deny the person from enrolling in Alabama Cares because someone else was more deserving.*

I think you missed the point of this interrogatory. Ms. Johns said in her March 8, 2012 memorandum that my mother and I were in Alabama Cares while "according to NARCOG's policy for the Alabama Cares Program, first priority is given to caregivers age 60 and over, who are providing care for someone age 60 and over and second priority is given to caregivers who are providing 24 hour in-home care assistance to a care receipt." My interrogatory is trying to find out how many times a person who applied for Alabama Cares through NARCOG was denied enrollment because a person who met the "priority" standards also applied for Alabama Cares and that person was enrolled instead. Ms. Johns makes it sound as if my mother and I should have dropped out of the program because there were more deserving people on the waiting list. I would like to know if the "priority" standard mentioned by Ms. Johns was ever used by NARCOG to deny someone participation in Alabama Cares even though they met the federal guidelines for participation in Alabama Cares.

Your response of not being able to find the records is unacceptable. No one else but NARCOG would have these records. Without any information to establish the "priority" system was ever used by NARCOG, then Ms. Johns apparently just made her statement up.

There are also some problems with Ms. Johns' responses. As detailed above, the problems I have with the responses from NARCOG to Interrogatories Numbers 3, 4, 5, and 8 are the same problems I have with Ms. Johns' responses to her Interrogatories 2, 3, 5, and 6 respectively. As stated above, these interrogatories need to be answered in full.

Additionally, Interrogatory #9 to Ms. Johns asked the following:

*9. On April 10, 2012, the NARCOG Board voted to deny Plaintiff payment for*

5

*accumulated, but unused, annual leave. Defendant Johns also told the Board at a Board meeting held that day that the Board's attorneys gave the opinion that Plaintiff should not be paid for accumulated, but unused annual leave. In August 2012, NARCOG paid Plaintiff for his accumulated, but unused, annual leave. As Executive Director, Defendant Johns approved that payment to Plaintiff and was one of the signatories on the check. In making the decision to pay Plaintiff for his accumulated, but unused, annual leave, provide:*

*a. The name of every person Defendant Johns spoke to about this matter prior to approving the payment to Plaintiff.*
*b. The sum and substance of each communication Ms. Johns had with these individuals about this issue;*
*c. The date of each of these communications;*
*d. Defendant's basis for ignoring a vote of the Board of NARCOG and NARCOG's attorney's opinion and deciding to pay Plaintiff for his accumulated, but unused, annual leave.*

Ms. Johns' response was that "continued to talk with all the different NARCOG Board members about this issue after the April 10, 2012 NARCOG Board meeting." The interrogatory requests the names of these individuals and the dates of communications and what was said in these communications. Also, Ms. Johns needs to name the person at RSA she "consulted" with and the date of the consultation. Ms. Johns also needs to provide what was said in the e-mail she claims to have sent to all of the NARCOG Board members and if there was any response. Once again, this is a vague, half-answer to this interrogatory.

Interrogatory #10 to Ms. Johns asked:

*10. Provide the basis Defendant Johns used in determining the estimated "current day value" for the "over $11,000 in benefits" Defendant alleged Plaintiff received as a participant in the Alabama Cares program as detailed in Defendant Johns' letter to the Alabama Ethics Commission dated March 8, 2012. In responding to this Interrogatory, please show the calculations for ascertaining the "current day value" including how the amount of $18,500 was reached and which measure of worth was used by Defendant in ascertaining the "current day value."*

Ms. Johns' response that "someone at the Maynard Cooper law firm" determined the calculations is not acceptable. I requested the calculations of how this amount was reached. I did not ask if someone else did them. This information should be readily obtainable. Regardless of who did the calculations, Ms. Johns put this information in a letter to the Ethics Commission she authored. This information needs to be provided. Merely saying someone else figured it out is unacceptable.

6

The responses to the Requests for Production of Documents made both to NARCOG and Ms. Johns are essentially the same (1-22 for NARCOG and 1-9 for Ms. Johns). Initially, I again remind you that you do not have a right to make any objections to the production of documents due to the untimeliness of the responses. There is also a problem with the form of the responses to my requests for production of documents. According to Federal Rule of Civil Procedure 34,

*(2) Responses and Objections.*

**(B) Responding to Each Item.** *For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.*

Neither NARCOG nor Ms. Johns responded to each request for production as the rule requires. Instead, a blanket statement is made as to what is being produced. That is not appropriate or adequate. A response to each request should be made so I will know and not have to guess which requests you are responding to.

On October 24, 2013 (even though you dated the letter October 14), you sent me a letter containing an index of the documents being produced as responses to my request for production. That index and your blanket response are sufficient to answer some of my requests.

1. The personnel files of myself, Lona Johns, Nora Millican, Stefanie Franklin, Cheri Blankenship, and Neal Morrison are responsive to my requests for production of documents sent to NARCOG Numbers 1, 7, 8, 10, 11, and 12.

2. The Employee Policy and Procedure Manual being produced is responsive to Interrogatory #20 to NARCOG.

3. I did not request the EEOC file or the 2008 financial audit. However, those documents could be partially responsive to Interrogatory #1.

4. You are also producing e-mails from Ms. Blankenship, Ms. Thorpe, Ms. Johns, Ms. White, and Ms. Franklin. I will assume that these emails are related to my employment or my claims and are partially responsive to Interrogatories #1, #4, #5, and #6 to NARCOG and Interrogatory #5 to Ms. Johns.

5. The index includes over 300 "miscellaneous documents." I have no idea what that is or if those documents are responsive to any of my requests for production.

It is what is not being produced, which is a great deal, that concerns me. There are a great deal of documents that I have requested that you are not producing.

In Request for Production #2 to NARCOG, I asked for:

7

*2. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, memoranda, taped recordings or cassettes that show or relate in any way to an investigation of Plaintiff Rodney Gann concerning any unethical conduct Defendant alleged or believed Plaintiff had committed while employed by Defendant and conducted from January 1, 2011 to the present. This request includes any interview notes, statements made by employees or other persons, any e-mails between employees or former employees of Defendant or members of the Board of NARCOG or former members of the Board of NARCOG, any memoranda or other documents containing information about the investigation or the alleged unethical conduct allegedly committed by Gann.*

This is the file which should contain all of the documents related to my investigation conducted by Ms. Johns and Mr. Kilgo and anyone else who was involved. This request is essential to my case. I want all of the documents reviewed or created in the investigation of my alleged unethical conduct. Ms. Johns reported that she had done an investigation in December 2011 disclosing sufficient information that compelled her to have the Alabama Ethics Commission open a file on me. That should not be difficult to get. This must be provided to me.

Request for Production #3 and #15 are similar. They request:

*3. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, e-mails, notes, memoranda, taped recordings or cassettes that show or relate in any way to the communications between Defendant or employees or representatives of Defendant with the Alabama Ethics Commission concerning Plaintiff Rodney Gann from January 1, 2011 to the present.*

*15. Provide all documents Defendant submitted to the Alabama Ethics Commission concerning the allegations made with the Ethics Commission about the conduct of Rodney Gann.*

Basically, I want to see everything that was provided to the Alabama Ethics Commission. I have seen the correspondence claiming that an investigation was done. Your index provides 11 pages of documents purporting to be "Complaint to Ethics Commission." I want more than the complaint. I want access to all of the documents submitted to support the allegation that I had violated the ethics laws. This would include documents provided to the Ethics Commission investigator.

Request #4 asks for:

*4. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, e-mails, text messages, memoranda, taped recordings or cassettes that show or relate in any way to the job performance of Plaintiff Rodney Gann from January 1, 2009 to the present.*

8

Again, you may have answered this request, but since you do not identify which documents satisfy this request, I take this as not being responsive.

In Request #5, I request the production of:

*5. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, e-mails, text messages, memoranda, taped recordings or cassettes showing communication between any employee or officer of Defendant or from any member of the Board of Defendant and Neal Morrison from January 1, 2011 to the present.*

Once more, you do not provide which documents answer this request. I do not see a listing of any Board members as having any communication with Neal Morrison. Also, your index does not list Neal Morrison e-mails. These documents need to be provided.

Request #6 seeks:

*6. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, e-mails, text messages, memoranda, taped recordings or cassettes sent or received by Defendant Kenneth Kilgo concerning any issue related to Defendant NARCOG from January 1, 2011 to the present.*

Once more, this request does not appear to be answered. The index does not list any information from or to Mr. Kilgo. Mr. Kilgo was a Board member and later an employee or contract employee of NARCOG. I have seen e-mails sent by Mr. Kilgo to various people at NARCOG. There should be more and they should be produced.

Speaking of Mr. Kilgo, Request #9 asks for:

*9. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, memoranda, taped recordings or cassettes that show or relate in any way to NARCOG employee Kenneth Kilgo, Mr. Kilgo's personnel file or other file containing documents relating to the employment of Mr. Kilgo including, but not limited to, personnel files, job descriptions, employment agreements, insurance documents, tax documents, or any other documents related to the employment of Kenneth Kilgo.*

Your index does not identify any documents satisfying this request. These documents needs to be produced. Mr. Kilgo was employed in some capacity by NARCOG in 2012.

The most glaring omission from the responses is the lack of responses to Requests Numbers 13, 14, 16, 17, 18, 19, 21, and 22. Those are the following:

9

13. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, memoranda, taped recordings or cassettes that show or relate in any way to the determination by NARCOG employee Lona Johns that Rodney Gann had "received in excess of $36,000.00 in vouchers for home health agencies to care for his mother" as detailed in the memorandum Ms. Johns sent to NARCOG Board members and dated 12/07/2011. These documents should be limited to the documents Ms. Johns reviewed prior to the drafting of the 12/07/2011 memorandum.

14. All records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, memoranda, taped recordings or cassettes that show or relate in any way to the determination by NARCOG employee Lona Johns that Rodney Gann had "received over $11,000 in benefits" as detailed in the letter Ms. Johns sent to the Alabama Ethics Commission and dated March 8, 2012.

16. All files, records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, memoranda, taped recordings or cassettes that show or relate in any way to Mamie Gann, including, but not limited to Alabama Cares benefits or any other programs Ms. Gann was enrolled in and administered in any way by NARCOG.

17. All files, records, documents, writings, recordings and physical evidence of any and all kinds, including, but not limited to, correspondence, notes, memoranda, taped recordings or cassettes that show or relate in any way to the investigation of Rodney Gann conducted by Kenneth Kilgo concerning the job performance of Mr. Gann.

18. Any and all drafts of the statement read by Kenneth Kilgo at the NARCOG Board meeting held on March 8, 2012 concerning Rodney Gann. Please include a copy of the word processing file for any such drafts with all metadata included.

19. Provide a copy of NARCOG's breach of ethics policy as referenced in the letter sent by Lona Johns to the Alabama Ethics Commission dated March 8, 2012.

21. Provide a copy of any and all documents relied on by Defendant to determine that Rodney Gann only provided care for his mother 20 hours per month as referenced in the letter sent by Lona Johns to the Alabama Ethics Commission dated March 8, 2012.

22. Provide a copy of any and all documents regarding the NARCOG Alabama Cares program policy that gives preferential status to applicants to the program who have a caregiver age 60 and over and caregivers who provide 24 hour in-home care assistance as detailed in the memorandum prepared by Lona Johns, dated March 8, 2012, and referenced as Investigation Report of Rodney Gann's Receipt of Alabama Cares Services.

None of these Requests has been responded to, at least as far as I can tell. These documents need to be produced and identified as being responsive to my individual requests.

I also am having a problem opening the files on one of the dvd's you provided me. The dvd you provided me that has documents on it (not the audio files) cannot be opened entirely. I took the dvd to Avanti Computers for help and the message that comes up is:

**Can't read the source file or disk.**
**Work_archive**
**Type: Outlook Data File**
**Size 3.23 GB**
**Date modified: 10/24/2013  9:28 AM**

The employee at Avanti says that I need to get the password that was created when the backup Work_archive.pst file was created. Please have someone from your staff send me that information so I can see what is on the disc. Also, I was told that I need Microsoft Outlook to open this file. I should not have to buy a program to review documents you have provided me on a disc. This is especially true since I doubt the documents have anything to do with my case.

Overall, I am very disappointed in the responses to my discovery requests. You and your clients had over 60 days to draft responses and it looks like you spent about a day working on the responses.

I need full responses to my interrogatories and my requests for production to prove my case. You and Mr. Edwards have ignored me ever since I filed this lawsuit. As I told you before, I am not going away. It is my belief that your clients are not responding to my discovery requests because they are hiding the information I am seeking. I am not satisfied with the responses I have been provided. Additionally, I do not think you took the judge seriously when he granted my motion to compel. Overall, in my opinion, the responses you have provided me are not in compliance with the court order. I would prefer to work this out without my having to go to Huntsville and file something with the court. However, you need to make this matter a priority, which is apparently something you have not done so far.

I will give you until the end of business of November 4, 2013 to provide me with **full responses to all of my discovery requests without objections.** You have had more than enough time to respond to my discovery requests in full. Since you have failed to mail me items in the past that you were supposed to, I also want the responses in my possession by 5:00 p.m. on the 4th if not before. If you do not comply with my request, I will notify the court of your failure to follow the court's order. Then you can explain to the court why you have continued to refuse to cooperate in the discovery process and disobey the court's order.

11

Thank you,

Rodney Gann

cc:   Mr. Bingham Edwards
      Mr. Jeffrey Pruitt