FILED

2013 Nov-26  AM 11:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **RODNEY GANN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-13-S-270-NE** |
| | ) | |
| **NORTH-CENTRAL ALABAMA** | ) | |
| **REGIONAL COUNCIL OF** | ) | |
| **GOVERNMENTS, a public entity;** | ) | |
| **LONA JOHNS; KENNETH** | ) | |
| **KILGO; NEAL MORRISON;** | ) | |
| **CHERRI BLANKENSHIP; and** | ) | |
| **STEFANIE FRANKLIN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Rodney Gann, who is proceeding *pro se*, filed this action on February 8, 2013.[1]  His amended complaint, filed on September 10, 2013, asserts federal claims for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), as well as supplemental state-law claims for:  "Invasion of Privacy – False Light"; "Invasion of Privacy – False Light – Ratification"; "Defamation"; "Defamation – Ratification"; "Negligent Hiring/Supervision"; "Civil Conspiracy"; and, "Intentional

---

[1] Doc. no. 1 (Complaint).

Interference with a Business Relationship."[2]

Plaintiff's amended complaint asserts claims against six defendants:  (1) *the North-Central Alabama Regional Council of Governments* ("NARCOG"), his former employer; (2) *Lona Johns*, an individual who served as Interim Executive Director of NARCOG during the events that serve as the basis of plaintiff's claims; (3) *Kenneth Kilgo*, a member (or former member) of NARCOG's Board of Directors who led an investigation into some allegations of misconduct made against plaintiff; (4) *Neal Morrison*, NARCOG's former Executive Director; (5) *Cherri Blankenship*, an individual who was involved in the investigation into plaintiff's alleged wrongdoing; and (6) *Stefanie Franklin*, an individual who was involved in the investigation into plaintiff's alleged wrongdoing, and who was appointed to plaintiff's former position after his termination.[3]

The case presently is before the court on plaintiff's motion to enforce an order entered by the court on October 15, 2013, and, motion for sanctions.[4]  The court held a hearing on that motion on Monday, November 25, 2013, in Decatur, Alabama. Based upon the pleadings, evidentiary submissions, and the argument presented at the hearing, the court concludes that plaintiff's motion is due to be denied.

**A.    Procedural Background**

---

[2] Doc. no. 20 (Amended Complaint).

[3] *See id.*

[4] Doc. no. 41 ("Plaintiff's Motion to Enforce Court Order and Motion for Sanctions").

Plaintiff filed a motion to compel on September 30, 2013, asking the court to require defendants to submit the Initial Disclosures required by Federal Rule of Civil Procedure 26(a)(1),[5] as well as to file their responses to plaintiff's "First Request for Production of Documents and First Interrogatories" (*sometimes referred to for*

---

[5] Federal Rule of Civil Procedure 26(a)(1) addresses the initial disclosures required to be made by the parties at the outset of civil suits, "without awaiting a discovery request" from the opposing party, and it reads as follows:

(**a**) **REQUIRED DISCLOSURES**.
   (**1**)  *Initial Disclosure*.

      (A)  *In General*.   Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

         (***i***) the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

         (***ii***) a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

         (***iii***) a computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

         (***iv***) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

3

*convenience as simply* "plaintiff's discovery requests").[6]

On October 1, 2013, this court entered a margin order on the docket of the case file requiring defendants to respond to the motion to compel by October 14, 2013.

Defendants filed a timely response to the motion to compel, requesting additional time, until October 23, 2013, to submit their Initial Disclosures and respond to plaintiff's discovery requests.[7]  Defendants cited several reasons for requesting additional time:  *e.g.*,

● the present attorneys did not represent NARCOG during the period of time leading up to the termination of plaintiff's employment and, therefore, they were not familiar with the facts and circumstances undergirding plaintiff's claims;[8] and,

● the documents requested by plaintiff were voluminous and, because of the retirement of several persons on the NARCOG staff, as well as newly-retained counsel's unfamiliarity with the relevant facts, it had been difficult and time consuming to assemble the documents requested by plaintiff.[9]

Defense counsel also mentioned that their delay in responding to plaintiff's discovery requests was, at least partially, due to plaintiff's refusal to communicate with

---

[6] Doc. no. 27.

[7] Doc. no. 33 (Defendants' "Response to Plaintiff's Motion to Compel and Motion for Extension of Time").

[8] *Id*. ¶ 1.

[9] *Id*. ¶ 6; *see also* ¶ 3.

defendants' attorneys by any means other than United States Mail.[10]

On October 15, 2013, this court entered a margin order on the docket of the case file granting plaintiff's motion to compel, and ordering defendants NARCOG and Lona Johns to provide Initial Disclosures and responses to plaintiff's First Request for Production and First Interrogatories on or before October 23, 2013.[11]

Defendants filed a "Notice of Compliance with [that] Court Order" on October

---

[10] *Id.* ¶ 4 ("The undersigned counsel for NARCOG and Johns tried to reach the Plaintiff by telephone in May, 2013 shortly after NARCOG and Johns were served with the summons and complaint in this action and by letter dated May 21, 2013 the plaintiff notified the undersigned counsel that he would prefer that all communications with him be in writing by mail. Said request by the plaintiff has made it difficult for the undersigned counsel for NARCOG and Johns to communicate with the Plaintiff since the Plaintiff will not communicate by phone or e-mail."), ¶ 5 ("The undersigned did receive a letter from the Plaintiff dated September 24, 2013, which was referenced in paragraph 12 of the Plaintiff's Motion to Compel, but before the undersigned counsel for NARCOG and Johns had a reasonable opportunity to respond to said letter the Plaintiff on September 30, 2013 filed his Motion to Compel in this action.").

[11] The Oct. 15, 2013 text order entered on the margin of the case file reads as follows:

Defendants Lona Johns and North-Central Alabama Regional Council of Governments are ORDERED to fully provide Fed. R. Civ. P. 26(a)(1) Initial Disclosures and Discovery Responses to Plaintiff on or before October 23, 2013. *Defendants may be subject to sanctions, including a monetary fine imposed upon defendants' attorney, a finding of contempt of court, or the entry of judgment on the issue of liability, if defendants fail to fully comply with this order.* [Emphasis supplied.]

As stated on the record of the hearing conducted November 25th, and for the reasons discussed hereafter, this court regrets very much having included the emphasized language in the foregoing order, threatening the imposition of sanctions. This court did not then appreciate fully the fundamental causes of this discovery dispute: on the one hand, Mr. Gann's failure to comply with his Rule 37(a)(1) obligation to meet and confer in good faith with defense counsel, before filing his motions to compel and for sanctions; and, on the other hand, Mr. Gann's insistence that all communications be conducted only through correspondence delivered through the United States Postal Service. Other causes have been mentioned previously: *e.g.*, defense counsel's lack of familiarity with the relevant facts as a result of the fact that another law firm represented NARCOG during the period leading up to Gann's termination; and,the fact that the documents requested by plaintiff were "voluminous": *in fact exceeding 200,000 pages!*

23, 2013.[12]

### B.    Plaintiff's Motion to Enforce Court Order and Motion for Sanctions

Despite defendants' representations of compliance, plaintiff filed the motion

that is the subject of this opinion — *i.e.*, plaintiff's "Motion to Enforce Court Order

and Motion for Sanctions" — on November 5, 2013.[13]  That motion is lengthy, and

sometimes rambling, but its essence is found in plaintiff's assertions that defendants

"stated general objections to Plaintiffs' discovery requests," *and*, that "many of the

discovery requests were not responded to adequately or, in some cases, at all."[14]

### 1.    The sufficiency of defendants' objections to plaintiff's discovery requests

Plaintiff's contention that defendants improperly "stated general objections" to

his discovery requests has three parts, each of which is addressed below.

### a.    Timeliness

---

[12] Defendants' notice provided:

COME NOW the defendants, North-Central Alabama Regional Council of Governments and Lona Johns, and file this notice that these defendants served on the plaintiff on October 23, 2013 these defendants' responses to plaintiff's First Request for Production of Documents and First Interrogatories and that the defendants, North-Central Alabama Regional Council of Governments, Lona Johns, Neal Morrison, Stefanie Franklin and Cherri Blankenship served on the plaintiff on October 23, 2013 their Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Doc. no. 40, at 1

[13] Doc. no. 41 (Plaintiff's "Motion to Enforce Court Order and Motion for Sanctions").

[14] *Id.* ¶ 6.

First, plaintiff asserts that defendants' objections should be stricken as untimely, because they were not asserted by the date on which defendants' discovery responses first came due.

That argument is without merit.

The court allowed defendants until October 23, 2013 to serve their Initial Disclosures and to respond to plaintiff's discovery requests,[15] and that deadline also was intended to apply to any objections defendants might assert. Thus, defendants' objections were not untimely, and they will not be deemed to have been waived.

### b. General objections

Second, plaintiff contends that defendants' assertion of "general objections" to his Requests for Production and Interrogatories was improper. The assertion of general objections is not necessarily improper; in fact, it is a common litigation practice. Upon review of defendants' objections, the court concludes they are sufficiently specific, and in accordance with the usual practices of attorneys who regularly practice in the Northern District of Alabama.

### c. Signature of defendants' attorney

Finally, plaintiff asserts that defendants' discovery responses are improper because they were not signed by defendants' attorney, as required by Federal Rules of Civil Procedure 26(g)(1) and 33(b)(5). *See* Fed. R. Civ. P. 26(g)(1) ("Every

---

[15] See the text accompanying note 11, *supra*.

disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's name. . . .”); Fed. R. Civ. P. 33(b)(5) (“The person who makes the answers [to interrogatories] must sign them, and the attorney who objects must sign any objections.”) (alteration supplied).

In this instance, plaintiff is correct. Defendants' respective responses to plaintiff's "First Requests for Production of Documents and First Interrogatories" were signed by the individual defendants themselves, or in the case of NARCOG, by its representative, but not by defendants' attorney.[16]   Defendants' attorney acknowledged that mistake in a separate Certification filed on November 20, 2013, stating that:

> The undersigned counsel for Defendants, North-Central Alabama Regional Council of Governments and Lona Johns ("Defendants"), does hereby acknowledge that by mistake and oversight the undersigned counsel failed to sign the Responses to Plaintiff's First Request for Production of Documents and First Interrogatories by Defendants dated

---

[16] *See* doc. no. 42 (plaintiff's evidentiary submission), Exhibit C ("Defendant's, North-Central Alabama Regional Council of Governments, Responses to Plaintiff's First Request for Production of Documents and First Interrogatories"), at 11; Exhibit D ("Defendant's, Lona Johns, Responses to Plaintiff's First Request for Production of Documents and First Interrogatories), at 10. Defendants' attorney did sign the Certificate of Service on each response, but he did not sign the responses themselves. *See* Exhibit C, at 12; Exhibit D, at 11.  Plaintiff complains about counsel's signature on the Certificate of Service being typed, rather than handwritten.  Doc. no. 41, at 14 ("In fact, the Certificate of Service is not signed by Defendants' counsel, but just has his name typed in.").  The signature appears as thus:  "/s/ Barnes F. Lovelace, Jr."  Doc. no. 42, Exhibit C, at 12; Exhibit D, at 11.  Such an "electronic signature" is common, accepted practice in courts that require electronic case filing.  Attorneys are not required to hand-sign pleadings if they provide an electronic signature instead.

October 23, 2013.   The undersigned does hereby confirm that his signature below shall constitute his signature to said Responses as required by the Federal Rules of Civil Procedure."[17]

The Certification contains the electronic signature of defendants' attorney:  *i.e.,* "/s/ Barnes F. Lovelace, Jr."  This court, like all other courts within the Eleventh Circuit, accepts the electronic signatures of counsel.[18]  Accordingly, plaintiff should treat the discovery responses served by defendants on October 23, 2013, as properly bearing the signature of counsel.

### 2.    The substantive sufficiency of defendants' discovery responses

Plaintiff's second argument is that defendants' discovery responses also are substantively inadequate:  *i.e.*, "that many of the discovery requests were not responded to adequately or, in some cases, at all."[19]

Defendants assert that they should not be required to separately respond to each of plaintiff's substantive arguments (which cover approximately twenty-eight pages), because plaintiff has refused to confer with defense counsel in a good faith attempt to resolve any issues relating to defendants' discovery responses, as required by Federal Rule of Civil Procedure 37(a)(1) and this court's Uniform Initial Order.[20]

---

[17] Doc. no. 46 ("Certification"), at 1.

[18] *Id.  See* note 16, *supra.*

[19] Doc. no. 41 (Plaintiff's "Motion to Enforce Court Order and Motion for Sanctions") ¶ 6.

[20] *See* doc. no. 45 (Defendant's Response to Plaintiff's Motion to Enforce Court Order and Motion for Sanctions) ¶¶ 29 ("Defendants contend that before they should be required to respond to the Court about each and every objection or complaint by Plaintiff as detailed in approximately twenty-nine (29) pages in the Plaintiff's Motion (Doc. 41, pg. 15-43), the Plaintiff should be

Indeed, subsection (a)(1) of Federal Rule of Civil Procedure 37 — which generally addresses the topic of sanctions that might be imposed upon a party for failing to make disclosures, or to cooperate in discovery — provides that:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. *The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action*.

Fed. R. Civ. P. 37(a)(1) (emphasis supplied).

Thus, Rule 37(a)(1) plainly requires that the moving party (in this case, the plaintiff) *must confer* in good faith with the party who has allegedly failed to produce discovery documents, and that any motion to compel such discovery must contain a certification that such a good faith conference has occurred. *Id.; see also, e.g.*, *Samadi v. Bank of America, N.A.*, 476 F. App'x 819, 821 (11th Cir. 2012) ("The district court was not required to grant [plaintiff's] motion to compel when he failed to certify that he had conferred in good faith with counsel for [defendant] . . . .") (alterations supplied) (citing Fed. R. Civ. P. 37(a)(1)).

The fact that plaintiff is neither an attorney, nor respresented by an attorney, does not relieve him of the obligation to comply with the requirements of the Federal

---

required to comply with Rule 37(a)(1) and in good faith confer with the undersigned counsel for the Defendants to resolve any issues relating to the Plaintiff's claimed objections to the Defendants' responses."), 30 ("The Defendants would be caused to incur substantial expense if they are required to respond to the Court as to each and every claimed objection by the Plaintiff without first requiring the plaintiff to make a reasonable and good faith attempt to resolve any such discovery dispute with counsel for the Defendants.").

Rules of Civil Procedure.  *E.g.*, *Kelly v. Old Dominion Freight Line, Inc.*, 376 F. App'x 909, 914 (11th Cir. 2010) ("[Plaintiff's] motion to compel did not contain a certification that [plaintiff] had attempted, in good faith, to resolve the dispute with [defendant].  Fed. R. Civ. P. 37(a)(1) requires motions to compel to contain such a certification, *and* [plaintiff's] pro se *status does not excuse noncompliance with procedural rules*.") (alterations and emphasis supplied) (citing Fed. R. Civ. P. 37(a)(1); *McNeil v. United States*, 508 U.S. 106, 113 (1980)).

Plaintiff's act of merely sending a letter demanding compliance with his discovery requests by an arbitrary deadline does not satisfy the meet-and-confer requirement of Rule 37(a)(1).  *See, e.g.*, *Velazquez–Perez v. Developers Diversified Realty Corp.*, 272 F.R.D. 310, 312 (D. P.R. 2011) (holding that emails and letters sent to defendant were insufficient to satisfy the meet-and-confer requirement where plaintiff never agreed to meet with defendant to resolve discovery issues); *Adams v. Austal,* No. 08–0155–KD–N, 2009 WL 5066779, at *1 (S.D. Ala. Dec. 16, 2009) ("A single letter between counsel addressing a discovery dispute does not satisfy the Duty to confer."); *Robinson v. Napolitano*, No. CIV. 08–4084, 2009 WL 1586959, at *3 (D. S.D. June 4, 2009) (finding that a letter outlining the reasons that one party believed that the opposing party's discovery responses were insufficient did not satisfy the meet-and-confer requirement); *Williams v. Board of County Commissioners of Unified*

*Government of Wyandotte County and Kansas City, Kansas*, 192 F.R.D. 698, 699 (D. Kan. 2000) (specifying that "sending unanswered correspondence to opposing counsel demanding discovery be produced by a specific deadline" does not satisfy the meet-and-confer requirement); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999) ("[P]arties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery.") (alteration supplied).

Furthermore, before asking a court to compel discovery, or to impose sanctions upon an opposing party for allegedly failing to engage in discovery, Federal Rule of Civil Procedure 37(a)(1) clearly states that the moving party *must*, *at a minimum*, either have *an actual face-to-face meeting*, or *engage in a two-way conversation*, with the opposing party during which the discovery disputes are *meaningfully discussed* in an *honest*, *good-faith attempt to resolve the disputes*.  Those requirements were discussed in the opinion of the District Court of Nevada in *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D.Nev. 1996), as follows:

> In addition to including the actual certification with a motion [requesting a court order] compelling discovery, the movant must have performed as set forth in the rule [*i.e.*, Rule 37(a)(1)].  This means *a moving party must in good faith confer or attempt to confer with the nonresponsive party regarding the discovery dispute*.  The first element of performance is "good faith" in conferring.  "Good faith" under 37(a)(2)(B) contemplates, among other things, honesty in one's purpose to meaningfully discuss the discovery dispute, freedom from intention to defraud or abuse the discovery process, and faithfulness to one's

obligation to secure information without court action. *See Black's Law Dictionary* 624 (5th ed. 1979). "Good faith" is tested by the court according to the nature of the dispute, the reasonableness of the positions held by the respective parties, and the means by which both sides conferred. *Accordingly, good faith cannot be shown merely through the perfunctory parroting of statutory language on the certificate to secure court intervention; rather it mandates a genuine attempt to resolve the discovery dispute through non-judicial means.*

The "conferment" is the second component of performance. *It requires a party to have had or attempted to have had an actual meeting or conference.* Such an obligation is clear from the plain meaning of the word "confer", which derives from the Latin roots *com* meaning "together" and *ferre* meaning "to bring." Hence, the word literally translates as "to bring together." The Court therefore finds that in order to bring a proper motion to compel under Rule 37(a)(2)(B), *a moving party must personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention.* See Nevada Power Co. v. Monsanto Co., 151 F.R.D. 118 (D.Nev. 1993).

170 F.R.D. at 172 (alterations and emphasis supplied).

In addition to the federal rule and case law interpreting it, the Uniform Initial Order entered in this case clearly dictates the parties' duties to confer prior to filing any motion other than a dispositive motion or motion to remand.[21]  The Order states:

### B.  Motions (Other than Dispositive Motions and Motions to Remand)

Prior to filing any motion (other than a dispositive motion or a motion to remand) in this case, *moving counsel shall* [in law, the word "shall" means "must"] *contact the opposing counsel and determine if counsel will oppose the motion.* All motions SHALL include, in the

---

[21] *See* doc. no. 5 (Uniform Initial Order).

caption under the case number, a notation that the motion is either "Opposed" or "Unopposed." *The first paragraph* **SHALL** *briefly summarize the parties' attempts to resolve the issue*(*s*) *and set forth areas of agreement and disagreement*.[22]

Here, as an initial matter, plaintiff plainly did not certify that he made a good faith attempt to meet with defense counsel prior to bringing the motions at issue.

In fact, it is evident from the record that plaintiff not only failed to meet with defense counsel prior to filing these motions, but that he expressly *refused* to engage in two-way communication with defense counsel, either in person or by telephone, in order to resolve the discovery "disputes" alleged by plaintiff.

Indeed, not only has defense counsel provided a sworn affidavit from a witness, Wanda Ferguson, who avers that plaintiff refused to meet with defense counsel to discuss matters related to plaintiff's discovery requests,[23] but plaintiff himself confirmed in a letter dated October 29, 2013, that he would not communicate with defense counsel in person, and would not correspond with defense counsel by any medium other than by letter sent through the United States Postal Service.  Plaintiff's October 29, 2013 letter to defense counsel contains these statements:

> You [*i.e.*, *defendants' attorney*] also asked me to come back to your office and discuss my case.  *As I first informed you by letter dated May 29, 2013, I would prefer that all communications regarding my case*

---

[22] *Id.* at 8 (bracketed alteration and italicized emphasis supplied, ALL CAP and **boldface** emphasis in original).

[23] *See* doc. no. 45, Exhibit D (Affidavit of Wanda G. Ferguson), at ECF 14–15.

*be conducted in written correspondence.* I have also told you this in person. I declined your offer to confer with you in your office. You then told me that you would have the persons present in your office sign affidavits that I would not cooperate with you and that you would inform the court of my conduct.

Once again, I am informing you that *if you have a position to make about my lawsuit or have a need to communicate with me, you need to put in a letter and mail it to me.* That way there will not be confusion about anyone's position.[24]

Those statements make plain that it would be unjust to require defendants to respond to plaintiff's lengthy arguments. Plaintiff has steadfastly refused to even engage in an attempt to confer with defense counsel, either in person or by telephone, to resolve the discovery disputes that are at issue in plaintiff's motion. Plaintiff's dismissive assertion that "[i]t should not be difficult for an attorney to draft a letter" entirely fails to comprehend that, in order for any non-dispositive motion to move forward in federal court, *the parties must confer with one another*.[25]

Defense counsel has, by all accounts, made every attempt to comply with Mr. Gann's requests, despite the excessive obstacles Mr. Gann has placed in the way of normal communication between parties. Plaintiff's act of hand-delivering a letter to the office of defense counsel on October 28, 2013, demanding full production of discovery requests, "without objections," by 9:00 a.m. on October 29, 2013 — *less*

---

[24] *See* doc. no. 45, Exhibit E (October 29, 2013 Letter from Rodney Gann to Barnes F. Lovelace, Jr.), at ECF 16 (alteration and emphasis supplied).

[25] Doc. no. 41, at 10 (alteration supplied).

*than 24 hours later* — and to then refuse to even speak to defense counsel about the request is completely unreasonable.[26]  To then file a motion for sanctions is an act that will not be tolerated.

**3**.  **Defendants' alleged misrepresentation about compliance with the court's order**

Plaintiff's final argument in the subject motion is that defendants' October 23 "Notice of Compliance with Court Order" contains misrepresentations.  Specifically, plaintiff takes issue with defendants' representation that their Initial Disclosures and discovery responses were "served on the plaintiff on October 23, 2013."[27]  That is because the discovery responses submitted on behalf of NARCOG were signed by Jeffrey Pruitt, its current Executive Director, on October *24*, 2013, *not* October *23rd*, as typed in the Notary's certification.[28]  Defendants explain this discrepancy in their response to plaintiff's motion as follows.

On October 21, 2013, plaintiff mailed a letter to defendants' attorney, offering to pick up defendants' discovery responses from the attorney's office during the morning hours of October 24, 2013, so the responses would not have to be mailed.[29]

---

[26] *See* doc. no. 45 ¶¶ 18–21; *see also* doc. no. 42, Exhibit F (October 28, 2013 letter from Rodney Gann to Barnes F. Lovelace, Jr.), at 11.

[27] Doc. no. 41, at 43; *see also* doc. no. 40 (Notice of Compliance with Court Order), at 1.

[28] *See* doc. no. 42, Exhibit C, at 11.

[29] Doc. no. 45, Exhibit B (October 21, 2013 letter from plaintiff), at 1 ("In an effort to make things easier, I will stop by your office on Thursday, October 24, 2103 to pick up the responses to my discovery requests which are due on October 23.  This will save you from having to mail

The ensuing events were explained by defense counseol as follows:

> 13.  The undersigned counsel spoke with Jeff Pruitt, the Executive Director of NARCOG, at approximately 3:00 p.m. on October 23, 2013 about making arrangements for Mr. Pruitt to sign the interrogatories on behalf of NARCOG on October 23rd.  At that time, Mr. Pruitt was traveling back to the North Alabama area and was north of Montgomery. Mr. Pruitt informed the undersigned counsel he could be in Decatur by 6:00 p.m. and could sign the interrogatories at that time.  Since the Plaintiff had stated he wanted to come [to] the undersigned's office at 10:00 a.m. on the 24th, instead of requiring Mr. Pruitt to come to the undersigned's office after hours on October 23, the undersigned told Mr. Pruitt he would have him sign the interrogatories first thing on the morning of October 24th.  Mr. Pruitt signed the interrogatories prior to the Plaintiff coming to the undersigned counsel's office on the morning of October 24th.

> 14.  The date within the notary acknowledgment on the answers to interrogatories by NARCOG *had been typed* showing they were notarized on October 23rd.  *When Mr. Pruitt signed them on the morning of October 24th*, *he put the date of October 24th by his name*; however, the undersigned counsel in notarizing Mr. Pruitt's signature failed to change the typed date on the notary acknowledgment to October 24th. *Clearly*, *if the undersigned was trying to misrepresent to the Court or to the Plaintiff or falsely certify the date the interrogatories were signed by Mr. Pruitt, he would not have allowed Mr. Pruitt to put the date of October 24, 2013 by his signature . . . .*[30]

The court accepts defendants' explanation of these events.  There is no reason *not* to accept the notarization of Mr. Pruitt's signature.  Moreover, the court concludes that defendants did not make any material misrepresentations with regard to the

---

them.").

[30] Doc. no. 45 ¶¶ 13-14 (alterations and emphasis supplied).

timeliness of their response to plaintiff's discovery requests.[31]

## C.    Conclusion and Order

In accordance with the foregoing, the court concludes that defendants have made all reasonable efforts to adequately respond to plaintiff's discovery requests. Defendants should not be required to expend any additional resources in modifying or supplementing their discovery responses — or even in responding to plaintiff's arguments — when plaintiff is unwilling to meaningfully confer with defendants in an effort to resolve the disputes.  Plaintiff's motion to enforce this court order and motion for sanctions is DENIED.

DONE and ORDERED this 26th day of November, 2013.

_____
United States District Judge

---

[31] In fact, plaintiff acknowledges that there is no actual dispute as to whether the discovery responses were timely submitted, in light of his agreement to physically retrieve the responses from the office of defendants' attorney on October 24.  *See* doc. no. 41, at 44 ("Plaintiff had previously agreed to pick up the required documents from Defendants' attorney's office the morning of October 24 as a convenience from having to mail the documents.  *Therefore, Plaintiff is not claiming that he was not 'served' on October 23*.") (emphasis supplied).